IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Howard W. Charpia, <br><br> Plaintiff, <br><br> vs. <br><br> Dorchester County Clerk of Court; First Judicial Circuit; Frank M. Cisa; Cisa and Dodds, LLP; Glen A. Salsman; Lt. Joseph Blake Weathers; Dorchester County Sheriff (Office); Rene McMasters (Ronaghan), <br><br> Defendants. | Civil Action No. 2:11-3040-RMG-BHH <br><br> **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

This matter is before the Court on Lt. Joseph Blake Weathers', Dorchester County Sheriff Office's, and the Dorchester County Clerk of Court's motion to dismiss. [Doc.34.] The plaintiff has pled various federal and state law claims. The Court ultimately concludes that the entire case, against all defendants, must be dismissed for lack of subject matter jurisdiction.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters involving *pro se* litigants are referred to a United States Magistrate Judge for consideration.

**APPLICABLE LAW**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should

view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must state "a plausible claim for relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Stated differently, "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)).

## **DISCUSSION**

The Court is careful in these types of cases, where *pro se* litigants are tasked with prosecuting a difficult case. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). The Court views the pleadings of the *pro se* litigant with significant liberality, knowing that a claim may lie even where it is not well explained, or suitably identified. The defendants would complain that the plaintiff has not explained himself well enough and further that various immunities apply to their conduct such that his case against them should be dismissed. The allegations of the Complaint are largely generalized and lacking certain critical detail. The plaintiff has said much more in response on motion to dismiss than originally appeared in his Complaint. But, none of that explanation implies that amendment to his Complaint could ever save it.

Essentially, the plaintiff is complaining about various procedural mistakes or legal errors or fraudulent acts made or taken by the defendants in state-court proceedings. It is not fully clear whether they are completed or pending actions, although he seems to be

2

referring to finalized cases.[1] Regardless, all of his claims must fail. As to any challenges he means to make to final judgments in state court proceedings, the *Rooker-Feldman* Doctrine would seem to bar them. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). As to challenges he intends to make to *pending* civil litigation, *the Younger* Abstention Doctrine counsels against considering them. *See Younger v. Harris,* 401 U.S. 37 (1971); *Neal v. Wilson*, 112 F.3d 351, 356 (8th Cir.1997) (explaining that "to the extent that any portion of [the] complaint survived the jurisdictional bar of the Rooker-Feldman doctrine, the district court correctly ruled that Younger abstention was warranted"). Although neither doctrine was discussed by the parties, they may be raised by the Court *sua sponte. See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 197 n. 5 (4th Cir.1997); *Bellotti v. Baird*, 428 U.S. 132, 143 n. 10, 96 S.Ct. 2857, 49 L.Ed.2d 844 (1976). *Rooker–Feldman* is jurisdictional. *American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir.2003).

To the extent the plaintiff claims he was injured by alleged erroneous proceedings and rulings made in the Dorchester County Common Pleas Court of the State of South Carolina, such rulings cannot be reviewed or set aside by the United States District Court for the District of South Carolina. *See Rooker*, 263 U.S. 413; *Feldman*, 460 U.S. 462. This prohibition on review of state court orders by federal district courts is commonly referred to as the *Rooker–Feldman* doctrine. This doctrine is implicated when to rule in favor of the plaintiff on his claims in connection with state court proceedings would, necessarily, require the federal court to overrule (or otherwise find invalid) various orders and rulings made in the state court. Such a result is prohibited under the *Rooker–Feldman* Doctrine. *See Exxon*

---

[1] A cursory look at the Dorchester County First Judicial Circuit Public Index at the end of last year, suggested more than 25 civil actions involving the plaintiff, since 2002. *See* http://www.dorchestercounty.net/index.aspx?page=224 (last visited November 21, 2011).

*Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293–94, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005); *Davani v. Va. Dep't of Transport.*, 434 F.3d 712, 719–20 (4th Cir.2006); *Chapman v. South Carolina Dept. of Corrections*, 2012 WL 1895932, at *5 (D.S.C. May 01, 2012.

A survey of the plaintiff's claims reveals the following.

In the plaintiff's first cause of action (civil conspiracy), he alleges that "corruption and collusion by the Defendants to manipulate the judicial system . . . harmed" him when "Defendants agreed to maneuver a Ninth Circuit Judge to preside over a case in the First Judicial Circuit where the civil action was filed." (Compl. at 3-4.) The plaintiff alleges that the defendants' agreement to "judge shop for a particular circuit judge who had social and professional ties to Richter, Judge Smith and Judge Goodstein was to produce a pliable oversight for their advantage." *Id.* The plaintiff alleges that such "tort of civil conspiracy" to injure him, resulted in his "loss [of] an ascertainable amount of money, loss [of] time and profits, lost residential b[ui]ld[e]rs license of 22+ years," and that the plaintiff "is still entailed in an action that should be void." *Id.* The plaintiff alleges that some of the the defendants' actions "were illegal, other actions were legal but violated professional standards; other actions were false or fraudulent," and "Defendants conspired to commit perjury." *Id.*

The plaintiff's second cause of action, for negligence, alleges that "Plaintiff has requested numerous motions with the court and paid all required fees" but "many of [his] motions have never been heard." (Compl. at 4-6.) The plaintiff alleges that "due to the court's negligence, the Plaintiff's 'due process' was violated by the court" when the "Sheriff levied the Plaintiff's property and concluded a judicial sale in 2009." *Id.* The plaintiff alleges that the "sheriff did not conduct the sale of [his] property pursuant to the Rules of South Carolina," and that the sheriff "took approx[imately] 4 ½ years to execute the writ." *Id.* The plaintiff alleges that the sheriff "returned a 'nulla bona' on said property in 2004" and that "after an issue of a 'nulla bona,' said judgment is 'void.'" *Id.* The plaintiff alleges that "the

Clerk side-stepped her duties and allowed a Ninth Circuit Court Judge to schedule a hearing for the Plaintiff in Charleston County, thus violating . . . Plaintiff's 'due process' to Rule 59, SCRCP," which provides that "motions shall be heard in the circuit where the trial was held and upon consent of the parties." *Id.*

The plaintiff's third cause of action, violation of equal protection, alleges that "Plaintiff was not allowed to testify at his civil jury trial in 2004" because "Judge Young states that Charpia did not know the rules of the court," while "Cisa has been granted many requests to continue said action, where Charpia was ordered to obtain a doctor's note to receive a delay." (Compl. at 6-9.) The plaintiff alleges that he was "denied [his right] to defend himself, pursuant to SC Code 33-44-112." *Id.* The plaintiff alleges that "Judge Goodstein dismissed Charpia's civil action in 2003 against McMasters[,] stating that Charpia could not represent himself," despite having been asked "on numerous occasions to recuse herself per 'conflict of interest' by Charpia" because "Judge Goodstein represented a plaintiff against Charpia in 1988, Salisbuty v. Charpia, while she served in private practice." *Id.* The plaintiff alleges that "Goodstein recused herself from Charpia's action in 2010, after she ruled against Charpia on many motions and actions over the years," and that he was "forced by Judge James C. Williams to travel to Orangeburg County for a summary judgment hearing, outside the county where the action was filed." *Id.* The plaintiff alleges that "the court accepted a lis pendens/complaint from Cisa" that alleged that "Plaintiff defrauded creditors," but "the court erred in its rendering an order that did not entail the complaint's action and/or grounds," which was also "rendered outside the county in which the action was filed." *Id.* The plaintiff alleges that "due to the violation of said equal rights protection," he is "no longer able to work at a trade he has loved and enjoyed for more than 20+ years," and has lost income, and suffered irreversible emotional distress and injury, and his "residential builders license has been taken from him thr[o]u[gh] perjured testimony and

5

fraudulent actions." *Id.* The plaintiff alleges that the "court used unethical and wanton procedures to harm" him. *Id.*

The plaintiff's fourth cause of action, for fraud, alleges that "Defendants made representations of fact . . . with the intent to deceive" and "lied to the judicial system and to the Plaintiff thr[o]u[gh] perjured testimony" and "continue to present fraudulent material, facts and evidence to the judicial system and the courts." (Compl. at 9-10.) The plaintiff alleges that "a falsehood that is material, which is believed could cause a jury or another party to render an improper verdict or decision" and "the court and other parties, known and unknown took action pursuant to the Defendants['] actions." *Id.* The plaintiff's fifth cause of action (deprivation of rights) alleges that the defendants violated 42 U.S.C. § 1983 by "injur[ing] him and his rights to earn a living in . . . South Carolina" by causing him to lose his residential license, his credit standing, and by causing his "home to be sold because of fraudulent actions and testimony." (Compl. at 11.)

The plaintiff's sixth cause of action, for collusion, alleges that the defendants "agreed to make and submit false statements that constituted perjury against Plaintiff in a civil trial" and "have since changed their avenue of testimony to benefit themselves and to harm the Plaintiff." (Compl. at 12.)

All of these allegations invite a quintessential application of *Rooker/Feldman*: barring cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries, Corp.*, 544 U.S. 280, 283 (2005). The plaintiff apparently lost in these various and past state court judgments, by his own admission, and now both expressly, and by implication, seeks to have them considered, in his words, "void." Such appeals of state court decisions, however, must be pursued through the state appellate courts and then directly to the United States

Supreme Court. Under 28 U.S.C. § 1257, the United States Supreme Court is the only federal court with general statutory jurisdiction to review state-court judgments.

The plaintiff's Complaint and response repetitively attempts to frame the facts of the case as violations of various constitutional amendments and 42 U.S.C. §1981. *See Neal*, 112 F.3d at 356. It does not, however, present any general challenge to the constitutionality of a South Carolina procedural rule or statute, as is an exception to the doctrine. *See Feldman*, 460 U.S. at 486. Quite the opposite, the plaintiff contends that the constitutional violations arose for failure to *enforce* such rules and statutes in the context of his state court proceedings. Thus, this Court lacks "jurisdiction under the *Rooker-Feldman* doctrine to consider [the] complaint because his federal claims are inextricably intertwined with his state case." *See Neal*, 112 F.3d at 356.

As indicated, the Court reads the Complaint and response as only concerning past and final litigation. The plaintiff does not suggest otherwise. In the event that he represents differently on objection to the district court, however, it is recommended that the Court should abstain from interfering with that on-going litigation, pursuant to the *Younger* abstention doctrine, by not considering his federal case, here. In *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), the Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir.1996). This doctrine has been extended to cases involving state civil and administrative proceedings. *See Trainor v. Hernandez,* 431 U.S. 434 (1977) (civil litigation where the state is a party); *Penzoil Co. v. Texaco, Inc.* 481 U.S. 1 (1987) (civil litigation between private parties); *Middlesex County Ethics Committe v. Garden State Bar Association*, 457 U.S. 423 (1982) (state administrative proceedings); *Nivens v. Gilchrist*, 444 F.3d 237 (4th Cir.2006). From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings;

(2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir.1994) (citing *Middlesex County*, 457 U.S. at 432).

Here, assuming that state litigation is ongoing, serious state interests would have been implicated in the defendants' enforcement of state policy embodied in its rules and statutes. *See Trainor v. Hernandez,* 431 U.S. at 444. There is no indication or allegation that normal appeals or objection processes available in these state and administrative proceedings are unavailable to vindicate the plaintiff's federal concerns, the plaintiff attempts to allege now. The plaintiff would bear the burden of showing it. *See Lebbos v. Judges of Superior Court*, 883 F.2d 810, 815 (9th Cir.1989).

Accordingly, the Court should decline to hear claims concerning any pending cases as well.[2]

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is RECOMMENDED that the defendants' motion to dismiss [Doc. 34] should be GRANTED but further that the entire case should be DISMISSED *with prejudice* for lack of jurisdiction pursuant to the *Rooker/Feldman* Doctrine, as to *all named defendants*.

               s/Bruce H. Hendricks
               United States Magistrate Judge

June 1, 2012
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

---

[2] There is some view that the Court should stay claims for money damages in federal court during the pendency of civil actions in state court, as opposed to dismissal of those claims which are for equitable relief. *See Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004). If in fact a state case is still pending, as an alternative, the district court might elect to stay any damages claims concerning them. This is a strange result, however, insofar as the final judgment in any now-pending case would seem to only then implicate *Rooker-Feldman*.

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).